## THE STATE *v.* THE JUDGE OF THE TENTH DISTRICT.

The sheriff had seized, on execution, property, as belonging to the defendant, which was claimed by a third person, and an injunction obtained against the sale of it. The judge, in granting the injunction, made an order for the delivery of the property to the claimant. On a rule taken by plaintiff's counsel, this order was rescinded. The claimant then applied for an appeal from the judgment rescinding the order, on the refusal of which by the district judge, application was made to the Supreme Court for a *mandamus* directing the district judge to grant the appeal. *Held;* That the judgment was an interlocutory order, which could not work irreparable injury; and was not, therefore, subject to an appeal.

Where the sheriff has made a seizure of property on an execution, the sale of which was enjoined, and the property claimed by a third person, until the trial of the injunction, the court is bound to believe the property belongs to the defendant in execution.

THIS was an application for a *mandamus*, to be directed to *J. N. T. Richardson*, Judge of the Tenth Judicial District, upon the relation of *Cynthia Thompson*.

*Snyder*, *Stacey* and *Sparrow*, and *J. C. Seale*, for petitioner. The judgment of the court (*Slidell*, J., dissenting,) was pronounced by

PRESTON, J. This is an application for a *mandamus*, to the Judge of the Tenth Judicial District, to allow an appeal.

The New Orleans and Carrollton Railroad and Banking Company issued an    STATE execution against *James B. Rusk*, and caused the sheriff to seize and take into JUDGE OF THE his possession a tract of land and some slaves, as the property of the defen- TENTH DIS'CT. dant. The applicant brought suit against the bank and sheriff, claiming the property as belonging to her; and obtained an order enjoining the sale. Concurrently with the injunction, she obtained an order to the sheriff to restore to her the possession of the property, during the pendency of the suit; which was done. The counsel of the bank applied to the court to rescind this part of the order, on the ground that it was not authorized by law. And after hearing both parties, the judge rescinded it, and the sheriff re-took the possession of the property. She applied for a suspensive appeal from this order. After hearing the parties, the court refused to grant the appeal; and she has applied for a *mandamus* to the district court, to allow it.

If the property belongs to the defendant in execution, he alone had the right to bond it until the day of sale. The claimant has no such right. We are bound to believe, until the trial of the injunction suit, that the property does belong to the defendant in execution, because the sheriff seized it as such; and cannot take it for granted, that it belongs to the claimant. She has brought suit to establish that; but until the trial of the suit, and judgment in her favor, the court had no right to take the property out of the hands of the sheriff, on her bond. We know of no law to that effect; and the contrary in principle was decided in the case of *Lacey* v. *Buhler*, 8 N. S. 662, 663, 664.

The judge was right, therefore, in rescinding an order which he had unadvisedly made, and without the authority of law. If an appeal were ordered, therefore, it would be only to affirm his judgment; and the effect would probably be, greatly to protract the final decision of the controversy between the parties, on its merits.

We think, further, that the order complained of was interlocutory, and not a final order in the case; belonging to that class of orders which are made to facilitate the parties in their litigation, and which are always under the control of the court until final judgment in the case. Neither does it cause an irreparable injury to an applicant, even if the property for which she sues belongs to her. If so, she may recover the property and all the damages which the bank or sheriff have caused to her, in the very suit she has instituted to enjoin the sale of the property.

The application for a *mandamus* is dismissed, at the costs of the applicant.