## No. 701

## First Circuit

———

## SONNIER v. SONNIER

———

(October 8, 1930. Opinion and Decree.)

———

Voorhies & Labbe, of Lafayette, attorneys for plaintiff, respondent in writ.

F. Xavier Mouton, of Lafayette, attorney for defendant, applicant for writ.

MOUTON, J. In June, 1916, plaintiff obtained a judgment against defendant ordering him to remove obstructions to the drainage of his lands. It was further decreed in that judgment that defendant should thereafter be restrained and enjoined from obstructing that drainage. The obstructions were removed by the sheriff in 1927.

In 1929, upon complaint of plaintiff that defendant had erected a dam which was an obstacle to his drainage, the court appointed E. J. Lacour, a surveyor, to take the levels of the adjoining land to assist in determining the rights of the parties litigant. The survey was made by Lacour, and a return of his work was filed. On motion of plaintiff that the report of Lacour, surveyor, was ambiguous and unsatisfac-

tory, the court appointed Val E. Smith, another surveyor, to take the levels for the purpose of ascertaining the manner in which the levees or obstructions should be cut so as to carry out the terms of the judgment rendered against defendant.

The defendant objected to the appointment of Val E. Smith to make a new survey, basing his objection on the plea of res adjudicata. In the appointment of another surveyor there was no issue of res adjudicata involved, the purpose of the court being merely to carry out or execute the judgment which decreed that the land of defendant should be cleared up of the obstructions to plaintiff's drainage. If there existed any basis for this plea of res adjudicata, it was clearly against defendant, as he had been enjoined in the original judgment from thereafter erecting any works whereby the drainage of the plaintiff would be affected. The plea of res adjudicata was properly overruled.

The appointment of Val C. Smith to make another survey was made on April 17, 1930.

April 19th, defendant moved in open court for a suspensive appeal to this court from this order of appointment, which was granted by the district judge.

Two days thereafter, on April 21, 1930, plaintiff, Amedee Sonnier, filed a motion in open court during the morning hour, praying that the order granting the suspensive appeal dated April 19, 1930, be rescinded.

The same day, April 21, 1930, that the motion to rescind the order for the suspensive appeal was filed, later, in the afternoon at about 4:50, the defendant, Elie Sonnier, filed his appeal bond for $100 in compliance with the order granting his appeal to this court.

On April 23, 1930, two days after the motion to rescind was filed, upon calling up the motion for rescission for trial, counsel for defendant objected to going to trial, contending that, as the bond for the suspensive appeal had been filed on April 21st, the court was divested of jurisdiction, and had no authority to pass on the issue presented.

Notwithstanding the objection, the court rescinded, by judgment signed May 17, 1930, the order for a suspensive appeal which had been granted defendant, April 19, 1930.

The defendant, by petition filed May 22, 1930, alleges that the judgment of May 17, 1930, rescinding the order of appeal of April 19, 1930, was contrary to law, and would cause him irreparable injury, and is asking this court to issue a writ of mandamus to compel the district judge to grant him a suspensive appeal which was refused below.

In the order of April 17, 1930, the court appointed Val E. Smith to make a survey of the land so as to ascertain the levels of the land to serve as a guide for the cutting down of the obstruction complained of. It was given to carry out the terms of the judgment, was evidently framed to protect the interests of the defendant in the manner of executing the judgment. It was merely incidental to the judgment, was in the nature of an interlocutory order, could certainly not cause irreparable injury to defendant, and from which defendant had therefore no right of appeal. Code Prac. art. 566.

If the judge, after ordering a survey to be made by Val E. Smith, had found that it was inadvisably made, as it was interlocutory, he would have had the right to rescind that order. State v. Judge of

Tenth District, 6 La. Ann. 548; Shaw v. Thompson, 3 Mart. (N. S.) page 392. He did not find fault with that order, did not rescind it, and granted an order to defendant for a suspensive appeal from his order granting a new survey which was interlocutory. As this appeal had been granted on that interlocutory order, the judge, finding that defendant had no right of appeal, could likewise rescind the order for the appeal under the motion filed for its rescission on April 21, 1930, during the morning hour, by counsel for plaintiff.

On April 23, 1930, a note of evidence was taken on the motion of defendant's counsel for the rescission of the order granting the suspensive appeal. We find the following in the note of evidence, viz.:

"On the morning of April 21st, the Court deferred the signing of the order rescinding the order of appeal in order to give counsel for the defendant an opportunity to present argument, if desired."

The foregoing statement is pregnant with the idea that the court had made up its mind to sign the order rescinding the order of appeal which it had the right to do, and which the court, no doubt, realized had been inadvertently granted the defendant.

Counsel for defendant, in whose favor the court had deferred signing the order canceling the order of appeal, furnished his bond of appeal in the evening of the same day, and, when the trial of the motion to rescind came up on the 23d, contested the authority of the court on the ground that it had been divested of its jurisdiction by the effect of the bond, as hereinabove stated.

The judge, when the motion to rescind was filed, clearly intended to cancel the order of appeal, but, through courtesy, granted counsel for defendant a delay, should he desire to argue the question. The judge was merely deferring the cause for further examination, known in civil law as ampliation. Bouv. Law Dict., Rawle's Third Revision, vol. 1, page 191. In such instances the judge makes the usual notation of non liquet. Here, the solution of the point was obviously clear to him, and such notation was unnecessary. The extension of time granted defendant was therefore purely gratuitous. At most, the delay allowed was virtually a continuance. The order to rescind was on the docket of the court to the knowledge of defendant through his counsel. We are of the opinion that the jurisdiction of the court, under such a situation, was retained, remained in abeyance, and abided on the 23d, when the motion to rescind came up for trial.

Counsel for defendant, relator herein, had no power, and could not, by furnishing bond on the 21st, as above detailed, divest the court of its jurisdiction, and defeat the exercise of its legitimate functions.

If an appeal was ordered by us, as was said in State v. Judge of Tenth Dist., 6 La. Ann. 548, it would only result in the affirmance of the judgment, and the effect would probably be greatly to protract the decision of the controversy between the parties.

It is therefore ordered that the order issued by this court June 30, 1930, directing Hon. W. W. Bailey, J. Dassas Trahan, sheriff of Lafayette parish, and Amedee Sonnier, to show cause why relator should not obtain the relief demanded, be, and is hereby recalled; that the application for writs of prohibition and mandamus asked for by Elie Sonnier, relator, be, and is hereby, denied and dismissed at his cost.